**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2010**

UNITED STATES COURT OF APPEALS

**Elisabeth A. Shumaker**
**Clerk of Court**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAMELA MEDLEY,

Defendant - Appellant.

No. 09-2067
(D. Ct. No. 1:01-CR-00043-MV-1)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following her ejection from the Diersen Charities halfway house, Pamela Medley's supervised release was revoked and she was sentenced to eleven months' imprisonment. On appeal, Ms. Medley alleges various constitutional errors and violations attendant to her revocation hearing. Ms. Medley's appellate counsel, however, filed a

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he advises that there is no colorable basis for Ms. Medley's appeal and seeks leave to withdraw as Ms. Medley's counsel. Following our review of Ms. Medley's case, we also find no colorable basis for her appeal. Accordingly, we GRANT her attorney's motion to withdraw and DISMISS the appeal.

## I. BACKGROUND

In 2002, Ms. Medley was convicted of multiple counts of wire and mail fraud, false claims upon the United States, money laundering, and impersonation of a United States employee. She was sentenced to a term of ninety-seven months' imprisonment and three years' supervised release for these crimes. As a condition of her supervised release, Ms. Medley was required to undergo a psychological evaluation. Ms. Medley was uncooperative during her evaluation, and, as a result, the district court revoked her initial term of supervised release and sentenced her to a new term of five months' imprisonment and thirty months' supervised release. Additionally, the district court imposed a special condition of supervision under which Ms. Medley was required to "[r]eside at and complete a program at a community corrections center for a period of 3 months."

After serving the five-month prison sentence in a correctional facility in Phoenix, Arizona, Ms. Medley was transferred to the Diersen Charities halfway house pursuant to the special condition of supervision. During her time at Diersen Charities, Ms. Medley engaged in various incidents of misconduct that ultimately led to her ejection from the facility before she completed the court ordered three-month program. In addition to

multiple altercations with Diersen Charities staff over the facility's rules, the staff learned that Ms. Medley had coerced a schizophrenic patient at the facility to endorse his Veterans Assistance benefit check to her. Based on this information, the Diersen Charities staff and two probation officers conducted a search of Ms. Medley's locker which revealed a casino promotional voucher, two bank deposit receipts, and a forged probation office release pass. Subsequently, Diersen Charities terminated Ms. Medley from the facility and her probation officer, Shawn Day, whose name was forged on the release pass, filed a motion to revoke Ms. Medley's supervised release.

At her preliminary hearing on Mr. Day's motion for revocation, Ms. Medley was informed of the bases for revocation and was appointed counsel. Ms. Medley's counsel sought to suppress the materials retrieved from Ms. Medley's locker and otherwise opposed revocation. The district court denied the motion to suppress, revoked Ms. Medley's supervised release based on her failure to complete a program at a community corrections center, and sentenced Ms. Medley to eleven months' imprisonment and twenty months' supervised release.

## II. DISCUSSION

On appeal, Ms. Medley contends that the revocation of her supervised release was improper for multiple reasons. Specifically, she argues that: (1) the district court erred by finding that she had not completed three months in a community corrections center; (2) she was denied procedural due process because she was not given prior notice of seventeen Diersen Charities incident reports that were admitted at her revocation hearing

and was denied an evidentiary hearing regarding whether Diersen Charities was required to provide prior notice and a prior hearing on those incident reports; (3) the district court's decision to reinstate a restitution order from her original criminal conviction violated the Double Jeopardy clause; and (4) the search of her locker violated her Fourth Amendment rights. In his *Anders* brief, Ms. Medley's counsel posits that this entire appeal is frivolous and that there are no meritorious issues relating to Ms. Medley's sentence. We agree with Ms. Medley's attorney and find that her supervised release was properly revoked.

A district court may revoke a term of supervised release "'if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Metzener*, 584 F.3d 928, 932 (10th Cir. 2009) (quoting 18 U.S.C. § 3583(e)). We review a district court's decision to revoke a term of supervised release for abuse of discretion. *Id.* Under this standard, we will only reverse a decision that is a clear error of judgment, exceeds the bounds of permissible choice, is arbitrary, capricious, or whimsical, or results in a manifestly unreasonable judgment. *Id.*

First, Ms. Medley argues that pursuant to the initial revocation of her supervised release she was sentenced to a total term of eight months' incarceration which was comprised of five months' imprisonment and three months at a community corrections center. Furthermore, she contends that she served five months in a prison camp, two and one-half months at Diersen Charities, and over three weeks at Sandoval County Detention Center, thereby completing the eight-month sentence. We disagree. When the district

court initially revoked Ms. Medley's supervised release it sentenced her to five months' imprisonment and thirty months' supervised release. As a special condition of her supervision, Ms. Medley was required to "complete a program at a community corrections center for a period of 3 months." Irrespective of the amount of time she spent at Diersen Charities or any other facility, Ms. Medley never completed a community corrections center program as required by the special condition of her supervised release. Indeed, she was terminated from Diersen Charities before she completed the program. Accordingly, the district court did not abuse its discretion by revoking Ms. Medley's term of supervised release based on her failure to satisfy the special conditions of supervision.

Second, Ms. Medley argues that she was denied procedural due process by Diersen Charities's failure to give her prior notice of seventeen incident reports that were presented to the district court at her revocation hearing, and by the district court's failure to grant an evidentiary hearing regarding Diersen Charities's duty to provide such notice and a hearing. Although the protections of the Due Process Clause apply to supervised release revocation hearings, a defendant in such hearings is not entitled to "the full panoply of rights due a [criminal] defendant." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Indeed, at a revocation hearing a defendant is entitled, at minimum, to: (1) written notice of the alleged violation; (2) notice of the evidence against her; (3) a meaningful opportunity to be heard and to present evidence; and (4) the right to cross-examine adverse witnesses. *Id.* at 489. At her revocation hearing, Ms. Medley was provided adequate notice of the evidence against her, she was given a meaningful

opportunity to present her defense, and she was allowed to cross-examine adverse witnesses. Thus, she was afforded all the process required by the Constitution in her revocation hearing. Furthermore, to the extent that Ms. Medley is claiming an independent violation of her procedural due process rights based on Diersen Charities's failure to grant her notice and a hearing on each of the seventeen incident reports, she has failed to demonstrate that she was deprived of some constitutionally cognizable interest because of Diersen Charities's actions. Accordingly, her procedural due process claims are without merit.

Third, Ms. Medley contends that following her initial conviction the government forgave her of all restitution obligations in a stipulated agreement which was approved by the district court. She further argues that upon the most recent revocation of her supervised release, the court improperly reinstated these restitution obligations in violation of the Double Jeopardy clause. Because the record is devoid of any factual support for her claim, we decline to address whether the reinstatement of restitution obligations under the circumstances alleged by Ms. Medley would constitute a Double Jeopardy violation. Although the record demonstrates that the government served a writ of garnishment that it ultimately withdrew, there is no indication that the government ever agreed to forgive Ms. Medley's restitution obligations. Indeed, nothing in the record supports Ms. Medley's claims that the district court "accepted the stipulated agreement, and entered an order accepting the stipulated agreement" or that "[t]he $42,000.00 restitution was dismissed and forgiven." Accordingly, Ms. Medley's Double Jeopardy

claim is without merit.

Finally, Ms. Medley argues that the search of her locker at Diersen Charities constituted an unreasonable search in violation of her Fourth Amendment rights and ultimately precipitated the erroneous revocation of her supervised release. We disagree. Generally, felons on supervised release have lesser privacy interests than ordinary citizens. *Banks v. United States*, 490 F.3d 1178, 1193 (10th Cir. 2007). Here, Ms. Medley's privacy interests were further diminished in two significant respects. First, as a special condition of her supervised release Ms. Medley was required to "submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting at the direction of the probation officer." Second, upon admission to Diersen Charities Ms. Medley executed a document that provided, "at any time, staff may conduct a search of the facility, your personal belongings, vehicle, or your person." Thus, Ms. Medley had a minimal expectation of privacy in her personal belongings at the time they were searched and had, in fact, consented to a search of her belongings "at any time" by Diersen Charities staff.

Moreover, even if the search of Ms. Medley's locker was an unconstitutional government intrusion, that intrusion was harmless. As the district court noted, there were two bases for Ms. Medley's ejection from Diersen Charities: (1) the presence of a forged probation pass in her locker; and (2) the seventeen incident reports that demonstrated Ms. Medley's unwillingness to abide by the facility's rules. Even if the forged probation pass

were suppressed, Ms. Medley could have been ejected from Diersen Charities based solely on the incident reports, and once she was ejected from the facility, she was in violation of a special condition of her supervised release and revocation was proper. Accordingly, any violation of Ms. Medley's Fourth Amendment rights was harmless and her claim is without merit.

### III.  CONCLUSION

For the foregoing reasons, we DISMISS Ms. Medley's appeal and GRANT her attorney's motion to withdraw.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge